UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ACTIVENGAGE, INC.,

    Plaintiff,

v.                                                            Case No. 6:19-cv-1638-Orl-37LRH

TODD L. SMITH,

    Defendant.
_____

# ORDER

Plaintiff moves for an emergency injunction pending appeal. (Doc. 45 ("**Appeal Motion**").) Defendant opposes. (Doc. 48.) On review, the Appeal Motion is due to be denied.

## I.    BACKGROUND

After removal from state court, Plaintiff ActivEngage ("**ActivEngage**") moved for a preliminary injunction. (*See* Docs. 2, 9.) ActivEngage alleged its former CEO and co-founder Defendant Todd L. Smith ("**Smith**") violated the Florida Uniform Trade Secrets Act ("**FUTSA**"), Defend Trade Secrets Act ("**DTSA**"), and his fiduciary duty by misappropriating ActivEngage's trade secret, a product named ActivProspect. (*See* Doc. 9.) The Court denied ActivEngage's requested relief, finding it had not shown a substantial likelihood of success or irreparable injury. (Doc. 35 ("**PI Order**").) ActivEngage appealed. (Doc. 42.)

Now, ActivEngage seeks a preliminary injunction pending appeal of the PI Order.

1

(Doc. 45.)[1] ActivEngage argues it will succeed on appeal because the Court should have held an evidentiary hearing on its preliminary injunction motion ("**PI Motion**") and did not make a finding on the merits of its breach of fiduciary duty claim. (*Id.* at 6–12.) In the Appeal Motion, ActivEngage repeats its previous arguments—it will be irreparably harmed without injunctive relief and neither Smith nor the public will be harmed by the relief. (*Id.* at 13–16; *see also* Doc. 9.) Smith responds the Court did not have to hold an evidentiary hearing nor make a finding on ActivEngage's breach of fiduciary duty claim and ActivEngage hasn't shown irreparable injury. (Doc. 48.) Briefing complete, the matter is ripe. (*See* Docs. 45, 48.)

## II. LEGAL STANDARDS

A district court may issue a preliminary injunction pending appeal when the movant shows: (1) a substantial likelihood of success on the merits of the appeal; (2) substantial risk of irreparable injury unless the injunction issues; (3) no substantial harm to other interested persons; and (4) no harm to the public interest. *See Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000). A preliminary injunction pending appeal is an "extraordinary remedy." *Id.* at 1133.

---

[1] Despite the "emergency" label ActivEngage has affixed to the Appeal Motion, it has not shown an emergency warranting expedited resolution. *See, e.g., Privitera v. Amber Hill Farm, L.L.C.*, No. 5:12-cv-7-Oc-32TBS, 2012 WL 1900559, at *2 (M.D. Fla. May 24, 2017) (finding the plaintiff's motion does not allege an emergency where no one's "health or safety is at stake, nobody is at risk of being deprived of an essential service, and nothing that is irreplaceable or for which compensation would not be available is in jeopardy").

2

## III. ANALYSIS

### A. Substantial Likelihood of Success on Appeal

ActivEngage claims it will prevail on appeal because the Court should have held an evidentiary hearing on its PI Motion and failed to make a finding on its breach of fiduciary duty claim. (Doc. 45, p. 6.) Smith says both were unnecessary. (Doc. 48, pp. 1–2.) Smith is right.

#### 1. Evidentiary Hearing

ActivEngage says the Court should have held an evidentiary hearing because the issues were disputed, it did not get an opportunity to depose Smith, and it could not present rebuttal evidence. (Doc. 45, pp. 6–9.) Smith counters an evidentiary hearing was neither requested nor necessary. (Doc. 48, pp. 2–8.)

Although ActivEngage did not request an evidentiary hearing,[2] it argues the Court was required to hold one because of the complexity of the case. (Doc. 45, pp. 6–9.) The cases ActivEngage cites are inapposite, addressing the need to notify the non-moving party of a preliminary injunction motion under Federal Rule of Civil Procedure 65. (*See id.* at 6–8 (citing cases).) The purpose of Federal Rule of Civil Procedure 65 is to give the non-moving party a fair opportunity to prepare and oppose a preliminary injunction. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1311 (11th Cir. 1998); *see also All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1538 (11th Cir. 1989). "So long as these goals are met, Rule 65 does not require an evidentiary hearing." *Robertson*, 147 F.3d at 1311; *see*

---

[2] Under Local Rule 4.06(b), hearings for preliminary injunctions are limited to the argument of counsel unless the Court grants leave.

*also FTC v. Vylah Tec LLC*, 727 F. App'x 998, 1001 (11th Cir. 2018) (denying the district court erred in failing to hold an evidentiary hearing where "both parties had the opportunity to present arguments and educate the court regarding the complex issues involved in the case").[3]

Smith, as the non-moving party, does not contend he needed an evidentiary hearing to oppose the PI Motion. (*See* Doc. 48.) ActivEngage is attempting to use the shield meant to protect the non-moving party to a preliminary injunction as a sword to get an evidentiary hearing after it lost on the papers. *See* Fed. R. Civ. P. 65; *Robertson*, 147 F.3d at 1311.

ActivEngage also says removal to state court prevented it from deposing Smith and it could not rebut Smith's evidence in briefings. (Doc. 45, p. 6.) ActivEngage did not bring this to the attention of the Court until now. ActivEngage made no objections to the briefing schedule or the hearing, which was conducted expeditiously to address what ActivEngage contended was an irreparable injury. (*See* Doc. 9.) ActivEngage did not request leave to file rebuttal evidence. *See Antoine O/B of L.A. v. School Bd. of Collier Cty.*, 301 F. Supp. 3d 1195, 1198 n.3 (M.D. Fla. 2018) (finding an evidentiary hearing unwarranted where "neither party requested an evidentiary hearing, moved for leave to question the opposing side's witness, or asserted that live testimony would be needed to decide the motion for preliminary injunction").

---

[3] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

The issues ActivEngage alleges are bitterly disputed, requiring an evidentiary hearing or rebuttal evidence, do not include irreparable injury—one of the bases on which the PI Motion was denied. (*See* Doc. 45, pp. 8–9; *see also* Doc. 35, pp. 14–16.) ActivEngage has not demonstrated, either now or in the PI Motion, how additional evidence would show the necessary requirement of irreparable injury.

### 2. Breach of Fiduciary Duty

ActivEngage says the Court did not make a finding on the likelihood of success of its breach of fiduciary duty claim. (Doc. 45, pp. 9–12.) Smith says it wasn't necessary. (Doc. 48, p. 10.)[4] True, but the Court did, finding ActivEngage's breach of fiduciary duty claim interwoven with its other claims and disposing of them together. (*See* Doc. 35.)

In its PI Motion, ActivEngage said Smith breached his fiduciary duty "by creating 360Converge and using his knowledge of ActivProspect to compete with ActivEngage." (Doc. 9, p. 12.) But the Court found ActivEngage had "not provided evidence that Smith told anyone at 360Converge about ActivProspect, and Smith explained in detail how ActivProspect and 360Converge's product are different." (Doc. 35, pp. 12–13.) ActivEngage failed to show Smith was competing with ActivEngage. (*See id.*)

But the Court did not have to make a finding on ActivEngage's breach of fiduciary duty claim because it failed to show irreparable injury, a necessary requirement to warrant a preliminary injunction. *See Four Seasons Hotels & Resorts B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (requiring all four factors, including irreparable

---

[4] The Court need not reach Smith's additional argument that ActivEngage's breach of fiduciary duty claim is preempted. (*See* Doc. 48, p. 10.)

5

injury, to warrant a preliminary injunction). So ActivEngage has not shown it has a substantial likelihood of success on appeal.

B. **Irreparable Injury**

For the same reasons as before, ActivEngage says it will be irreparably injured without a preliminary injunction because Smith used ActivProspect to develop 360Converge, ActivProspect is ActivEngage's next generation software, and ActivEngage must be first to market with it. (Doc. 45, pp. 13–14.) ActivEngage filed no additional support with its Appeal Motion. (*See* Docs. 9, 45.) The Court remains unpersuaded. (*See* Doc. 35, p. 14–16 (explaining ActivEngage has not shown a continuing investment in ActivProspect to indicate it can be first to market with it or that it is relying on it as its next generation software).)

ActivEngage now argues irreparable injury is presumed in cases of breach of non-competition and confidentiality agreements. (Doc. 45, p. 13.) But this presumption only applies where "the employee revealed specific trade secrets to his new employer." *ACR Electronics, Inc. v. DME Corp.*, No. 11-62591-CIV-MARRA, 2012 WL 13005955, at *14 (S.D. Fla. Oct. 31, 2012). ActivEngage has not shown ActivProspect is a trade secret or that Smith revealed it to anyone. (*See* Doc. 35, pp. 7–14.) So the presumption does not apply. *See ACR Electronics*, 2012 WL 13005955, at *14. For the reasons in the PI Order, ActivEngage has not shown irreparable injury. (*See* Doc. 35, pp. 14–16.)[5] A preliminary

---

[5] The Court need not reach the remaining factors of injunctive relief pending appeal since ActivEngage has not shown a substantial threat of irreparable injury. *See Touchston*, 234 F.3d at 1133.

injunction pending appeal is not warranted because ActivEngage has not shown a substantial likelihood of success on appeal or irreparable injury. *See Touchston*, 234 F.3d at 1132.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff ActivEngage's Emergency Motion for Injunction Pending Appeal (Doc. 45) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 30, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record